NO. 07-08-0265-CR; 07-08-0266-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

APRIL 15, 2009
_____

MARTIN MARTINEZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 222ND DISTRICT COURT OF DEAF SMITH COUNTY;

NO. CR-07K-180, CR-07K-181; HONORABLE ROLAND SAUL, JUDGE
_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant, Martin Martinez, was charged in two indictments with three counts of aggravated sexual assault, one count of indecency with a child by contact, and two counts of indecency with a child by exposure. Appellant waived a jury trial and was found guilty by the trial court and sentenced to 50 years in the Texas Department of Criminal Justice-Institutional Division (TDCJ-ID) for each count of aggravated sexual assault, 20 years in the TDCJ-ID for the indecency with a child by contact, and 10 years in the TDCJ-ID for

each count of indecency with a child by exposure.[1]  By one issue, appellant challenges the judgment of the trial court.  We affirm.

By a single issue, appellant contends that the trial court impermissibly considered unreliable evidence in order to increase the punishment assessed.  We disagree with the appellant's characterization of the action of the trial court.

## Factual Background

Appellant does not assail any of the facts regarding the trial court's finding of guilt, therefore, we do not find it necessary to recite the factual background except as pertains to the issue of the punishment hearing.  During the punishment hearing, the trial court made the following statement:

> Mr. Martinez, I have heard the evidence in both the guilt-innocence phase and punishment phase of this trial, and frankly, sir, what you have done is despicable.  It's terrible.

> These girls were little girls, nine and seven, or probably younger when this all started.  They loved you, they  trusted you, they depended on you, and they obeyed you, I'm sure.

> And you've hurt not only them; you've hurt your whole family.  One of the things about this kind of crime is it's so bad, people don't want to believe that somebody they know could do something like this.  It's just – it's a bad– it's just not very– not hardly imaginable.

> People just can't imagine somebody doing what you have done.  And therefore, they think, well, the children must not be telling the truth, or the

---

[1]All sentences were to run concurrently.

children's parents must be putting them up to it, or, you know, all kinds of things, making excuses for you. And really, you're the one that's caused it all. So the whole family is torn apart. Your wife now is going to have to live without you.

I appreciate Mr. Everitt's arguments about alcohol, and you may be – certainly may be an alcoholic. You certainly may drink too much, and I'm sure that's true, but alcohol is not the cause for what you've done.

What you have done has much deeper roots than just drinking too much or being drunk on occasion. Now, we've heard a lot of different instances where you were acting inappropriately with these children. I dare say I don't think you were intoxicated every time this happened.

**Unfortunately for you, they haven't really come up with a good way to cure pedophiles. In fact, there's hardly any cure at all for pedophiles. That means if someone is released back into society, they're very likely to recommit the same offense, maybe with different victims, but basically the same offense.**

**And about the only way we can protect society from pedophiles is to get them out of society and keep them out of society.**[2]

The trial court then pronounced the sentences that appellant appeals.

Discussion

Appellant contends that the highlighted portion of the trial court's statements indicates that the trial court improperly increased the sentences imposed on appellant. This is so, according to appellant, because the trial court relied on unreliable or false information in assessing the punishment. However, the record clearly demonstrates that

---

[2]The highlighted portion is the portion of the record of which appellant complains.

appellant never objected to the statements by the trial court, during the trial or in any post-trial motions, or in any manner placed the trial court on notice of his current contention. To preserve error for appellate review, a party must present a timely objection to the trial court, state the specific grounds for the objection, and obtain a ruling. TEX. R. APP. P. 33.1(a); Trevino v. State, 174 S.W.3d 925, 927 (Tex.App.–Corpus Christi 2005, pet. ref'd). Even claims of constitutional violations can be waived by a failure to object. Trevino, 174 S.W.3d at 927. "All a party has to do to avoid the forfeiture of a complaint on appeal is to let the trial judge know what he wants, why he thinks himself entitled to it, and to do so clearly enough for the judge to understand him at a time when the trial court is in a proper position to do something about it." Lankston v. State, 827 S.W.2d 907, 909 (Tex.Crim.App. 1992) (en banc).

Appellant concedes that there was no objection lodged at trial, but argues that this court may proceed to consider the trial court's actions when the trial court solicited, procured, considered, and relied on inherently unreliable information to determine the sentence. Arnold v. State, No. 05-07-00120-CR, 2008 Tex.App. LEXIS 5747 (Tex.App.–Dallas July 31, 2008, no pet.) (not designated for publication). However, on close review, the Arnold opinion is clearly distinguishable from the facts of the present case. In Arnold, the trial court, after receiving an open plea in a drug case in which the defendant was requesting a deferred adjudication, stated that the defendant's story was incredible and unbelievable. Id. at *2-*3. However, the trial court stated that, if the defendant could convince the court that the defendant's story was true by passing a polygraph, then the court would grant a deferred adjudication. Id. at *3. The defendant

4

agreed but subsequently failed the polygraph test.  Id. at *4.  After reconvening the punishment hearing, the trial court found appellant guilty and sentenced him to ten years incarceration.  Id. at *4-*5.  The Dallas Court of Appeals pointed out that, even though the polygraph results were neither offered nor admitted into evidence, the trial court clearly solicited, procured, considered and relied on them.  Id. at *8.  Accordingly, the court in Arnold concluded appellant had not waived the argument by failing to object to the proceeding.  Id. at *16-*17.

Those operative facts are not present in the case before the court.  Appellant cannot cite the court to a single reference in the record that supports the theory that the trial court considered unreliable or false information or evidence in order to increase his sentence in making its sentence determination.  Therefore, appellant's failure to object has resulted in a waiver of any complaint on appeal.   Trevino, 174 S.W.3d at 927.

Even were we to conclude that appellant had not waived the argument, it would be of no assistance.  The record demonstrates that the trial court was expressing an opinion about the nature of the conviction of appellant on multiple counts of aggravated sexual assault and indecency with a child.  However, appellant does not direct us to, nor does the record show, any evidence explaining what affect, if any, the referenced statement had on the trial court's sentence determination.  The court had never indicated what the sentence was to be, therefore it is illogical to state that the referenced statement shows he was increasing the sentence for some illicit reason.  For all of these reasons, appellant's issue is overruled.

5

Conclusion

Having overruled appellant's sole issue, the trial court's judgment is affirmed.


Mackey K. Hancock
Justice


Do not publish.